PEOPLE v. STREET.

*(Common Pleas of New York City and County, General Term.  June 1, 1891.)*

BAIL—REMITTING FORFEITURE—JURISDICTION.

  Code Crim. Proc. N. Y. § 597, (Laws N. Y. 1878, c. 379,) as amended by Laws N. Y. 1879, c. 481, and Laws N. Y. 1882, c. 410, gives the judges of the court of general sessions concurrent jurisdiction with the court of common pleas in application to remit a recognizance and vacate a judgment thereon. *Held,* that such application, once heard and determined upon the merits by either tribunal, cannot be entertained by the other.

  Petition by Charles Stanton to remit the forfeiture of a recognizance incurred by him as bondsman for Louis S. Street, who was under indictment for certain offenses.

  Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

  *Frank J. Keller,* for petitioner.  *De Lancey Nicoll,* for the People.

  ALLEN, P. J.  The petitioner, Charles Stanton, became the bondsman for Louis S. Street, who was charged in two indictments with offenses under the Penal Code.  The defendant, having been called to answer the indictments, failed to appear, and his bail-bond was declared forfeited, and judgment for the amount thereof was entered against the petitioner on the 14th day of October, 1889.  The petitioner now makes an application asking this court to remit the forfeiture, and vacate the judgment entered thereon.  It appears from the papers herein that on or about the 2d day of October, 1890, the petitioner made an application for the relief now sought for, to the Hon. RANDOLPH B. MARTINE, one of the justices of the court of general sessions, which application was heard upon the merits, and denied.  By chapter 379, Laws 1878, as amended by chapter 481, Laws 1879, (Code Crim. Proc. § 597,) and Laws 1882, c. 410, the judges of the court of general sessions are given concurrent jurisdiction with this court to entertain and determine an application for the remission of a recognizance, and to vacate the judgment entered thereon.  It follows that a petitioner, seeking relief from a forfeiture of his recognizance, may make his application to this court, or to any judge of the court of general sessions.  When, however, such an application has once been heard upon the merits and determined in either tribunal, it cannot be entertained by the other, and thus, in effect, a review had of the former application, in the absence of express authority therefor.  The well-settled principle of law, that "the judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence conclusive, between the same parties, upon the same matter, directly in question in another court," (1 Greenl. Ev. § 528; *Duchess of Kingston's Case,* 20 How. State Tr. 528,) should, in our judgment, be applied to adjudications of this character; for the judicial determination of a summary application authorized by statute is, in effect, a judgment, since it adjudicates the right of the applicant to the relief sought.  There is no difference, in the rule of *res adjudicata,* whether the first adjudication is made in a formal action, or in proceedings summary of this character, because, even when there is not a technical judgment in the latter, it is a judicial act.  It is a duty confided to a judicial officer, to be exercised in a judicial way.  The parties are heard, and their rights are settled by judicial determination.  *Demarest* v. *Darg,* 32 N. Y. 281; *Supervisors* v. *Buggs,* 2 Denio, 33.  It is claimed by the petitioner that, when the application was made to Judge MARTINE of the court of general sessions, certain facts mentioned in the affidavit of the said petitioner, which is attached to his present application, were not presented.  If that be the fact, the petitioner's remedy is to apply to that judge for a rehearing of his application.  Application dismissed, without costs.  All concur.