### PEOPLE *v.* LASHER *et al.*

*(Common Pleas of New York City and County, General Term. March 7, 1892.)*

BAIL—MOTION TO REMIT FORFEITURE—REFUSAL BY ANOTHER COURT.

An application to remit a forfeited recognizance was made and granted in the court of common pleas of New York city without a disclosure of the fact that a former application for the same purpose had been denied by one of the judges of the court of general sessions. *Held*, that the judgment remitting the forfeiture must be vacated. *People* v. *Street*, 14 N. Y. Supp. 778, followed.

Motion against Luther Lasher, principal, and John A. Carnie, surety, that an order hereinbefore granted, remitting the forfeiture of a recognizance and vacating the judgment entered thereon, be vacated and set aside, and that the motion to remit such forfeiture and to vacate said judgment be denied. Motion granted. For former report, see 12 N. Y. Supp. 960, *mem.*

Argued before DALY, C. J., and BISCHOFF, J.
*Delancy Nicoll,* Dist. Atty., for the motion. *Ambrose H. Purdy,* opposed.

PER CURIAM. An application to the general term of this court was made in November, 1890, on behalf of John A. Carnie, to remit the forfeiture of a recognizance entered into by him for the appearance of Luther Lasher for trial in the court of general sessions, upon an indictment then pending against him, and to vacate the judgment entered upon such forfeiture. That application was not opposed by the then district attorney, and upon his consent and certificate that the people had lost no rights in the matter, and proof that all expenses incurred in the recapture or apprehension of the principal, and the costs and expenses of the proceedings to enforce the forfeiture, had been paid, an order was duly entered on the 3d day of February, A. D. 1891, granting the relief asked. Subsequently the present district attorney moved to have the last-mentioned order vacated and set aside, and the forfeiture and judgment entered thereon reinstated, assigning, as grounds therefor, that, prior to the application to this court, application for the same relief had been made to Hon. RANDOLPH B. MARTINE, one of the judges of the court of general sessions, and by him denied upon the merits, which facts were not disclosed to this court upon the motion which resulted in the order sought to be vacated and set aside. This court had held, in a similar case, (*People* v. *Street,* 14 N. Y. Supp. 778,) that it will not entertain an application to remit a forfeited recognizance, and to vacate the judgment entered upon such forfeiture, when it appears that a former application for the same relief has been made to another judge, or court of concurrent jurisdiction, and been there disposed of on the merits adversely to the applicants, and, upon the hearing of this motion, the facts respecting the former application, and its denial by Judge MARTINE upon the merits, and the non-disclosure thereof to this court on the motion resulting in the order of February 3, A. D. 1891, are conceded, it follows that an order should be vacated and set aside, and that the forfeited recognizance, and the judgment therein referred to, should be reinstated, and that the motion to remit the forfeiture, and vacate the judgment entered thereon, should be denied. Motion to vacate and set aside order entered February 3, 1891, and to reinstate the forfeited recognizance and judgment therein referred to, granted, and motion to remit the forfeiture, and vacate the judgment thereon, is denied.