PEOPLE ex rel. CROPSEY, Dist. Atty., v. COURT OF SPECIAL SESSIONS OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. December 3, 1915.)

1. FINES ⬿18—REMISSION—STATUTE—"TO REMIT."

Under Inferior Criminal Courts Act (Laws 1910, c. 659) § 31, subd. 2, providing that "the court shall have jurisdiction at the request of a defendant to remit a fine imposed by it and in place of such fine to substitute in its discretion imprisonment," where the court imposed sentence of both fine and imprisonment as prescribed by Liquor Tax Law (Consol. Laws, c. 34) § 36, subd. 1, it could remit the fine without substituting added imprisonment therefor, leaving defendant to serve only the original term set by the sentence, since a construction of the act calling for substitution of imprisonment for the remitted fine would render necessary disregard of the words "in its discretion," which naturally refer to the word "substitute," referring to the exercise of judicial function in consideration of circumstances calling for remission of fine shown by defendant, and so can be read as expressive of a legislative intent, not to be disregarded, while "to remit" is an apt word to express the power to annul the fine, not implying that there may be only a substitution of imprisonment therefor, since it means to give up or to relinquish; the exercise of the statutory jurisdiction to remit not being inconsistent with the exercise of jurisdiction to try the case and pronounce sentence.

[Ed. Note.—For other cases, see Fines, Cent. Dig. § 19; Dec. Dig. ⬿18.]

2. FINES ⬿18—REMISSION—STATUTES.

Code Cr. Proc. § 484, provides that the power to remit a fine imposed by any court for any criminal offense shall be exercised only as provided in the section, and that, in case of a fine imposed by a court not of record or by any inferior court of local jurisdiction for any criminal offense whatever, the county judge of the county in which the fine was imposed, and, in case of a fine imposed by such a court in the city of New York, the Court of General Sessions or any judge thereof, upon five days' notice to the district attorney of the county in which such fine was imposed, shall have power to remit it. *Held*, that the powers of the County Court in the matter of remitting fines, as conferred by section 484, and as expressed in Inferior Criminal Courts Act, § 31, subd. 2, providing that the court in its discretion shall have power to remit a fine, substituting imprisonment, are concurrent.

[Ed. Note.—For other cases, see Fines, Cent. Dig. § 19; Dec. Dig. ⬿18.]

Appeal from Special Term, Kings County.

Prohibition by the People, on the relation of James C. Cropsey, as District Attorney of Kings County, against the Court of Special Sessions of the City of New York and others. From an order denying relator's application for writ of absolute prohibition, the relator appeals. Order affirmed.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., and Hersey Egginton, Asst. Dist. Atty., both of Brooklyn, on the brief), for appellant.

Thomas F. Magner, of Brooklyn (George A. Green, of Brooklyn, on the brief), for respondent City of New York.

John L. Danzilo, of Brooklyn, for defendant Philippo.

JENKS, P. J. [1] Subdivision 2 of section 31 of the Inferior Criminal Courts Act reads:

"2. It shall have jurisdiction at the request of a defendant to remit a fine imposed by it and in place of such fine to substitute in its discretion imprisonment."

The relator contends that when the court, pursuant to this statute, remits a fine, the court must substitute imprisonment therefor. Such procedure would be prescribed precisely without the words "in its discretion." But we should not disregard these words, nor reject them as surplusage, nor consider them as misplaced, if they, in their place and afforded their recognized meaning, can be read as further expressive of a legislative intent. I think that the words naturally refer to the word "substitute." To remit is:

"To give up; to relinquish; as to *remit* a fine." Burrill's Law Dictionary.
"To discharge, as, a penalty; to pardon, as an offense." Anderson's Law Dictionary.

Thus the word is apt to express the power to annul the fine, and does not necessarily imply that there may be only a substitution of imprisonment therefor. I think that the legislative intent expressed is that the court may, not must, substitute imprisonment. The words "in its discretion" are not referable to any other expression of this sentence, as if misplaced after the word "substitute." The phrase "It shall have jurisdiction" but confers upon the court the right to determine whether there should be remission (Daniels v. Tearney, 102 U. S. 415–418, 26 L. Ed. 187) and does not require the exercise of the power of remission. Therefore the qualification of such phrase by the words "in its discretion" would be unnecessary, if not redundant.

The jurisdiction is to be exercised at the request of the defendant, which indicates that he must show cause why the court should remit. The Legislature contemplated that facts thus brought before the court might warrant either absolute remission of the fine or substitution of imprisonment therefor. The case at bar affords illustration. The punishment prescribed is both fine and imprisonment. Section 36, subd. 1, Liquor Tax Law. Absolute remission of the fine would not annul the punishment, for the original imprisonment imposed remains. The court might be satisfied that the fine should not be exacted and that the punishment of the original imprisonment under the circumstances sufficed, or the court might be satisfied that, although the fine should not be exacted, yet the punishment of imprisonment, without some further imprisonment in substitution of the fine, would not suffice. The discretion referred to is the exercise of judicial function in consideration of the circumstances shown by the request of the defendant. Thus

Marshall, C. J., in Osborn v. U. S. Bank, 9 Wheat. 866, 6 L. Ed. 204, speaking of the courts, says:

"When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the Legislature, or, in other words, to the will of the law."

My conclusion is not affected by the circumstance that the statute in this case prescribes a sentence that requires both fine and imprisonment. The court fulfilled its function to mete out punishment when it imposed a sentence in conformity with the law. The question presented does not involve consideration of the power of the court inherent or under the common law to vary or to change the sentence after the term at which it was rendered, or after any part thereof has been carried out, as discussed in Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872, Commonwealth v. Mayloy, 57 Pa. 299, State v. Addy, 43 N. J. Law, 113, 39 Am. Rep. 547, and Commonwealth v. Foster, 122 Mass. 317, 23 Am. Rep. 326. It involves consideration of the express statutory power of remission conferred upon the court, additional to its jurisdiction to try the case and to pronounce the judgment. The exercise of jurisdiction to remit is not inconsistent with the exercise of the jurisdiction to try the case and to pronounce the judgment of punishment.

[2] I think that section 484 of the Code of Criminal Procedure is not exclusive, but that the "powers" of the court, expressed in the statute under consideration, and of the County Court as conferred by the said section of the Code, are concurrent.

The order is affirmed. All concur.