THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CLEM SCHORR, Defendant.

County Court, Chautauqua County, December —, 1924.

Crimes — bail — petition for refund of deposit in Municipal Court, city of Dunkirk, as bail for defendant's appearance in said court upon adjourned day — bail ordered forfeited for defendant's failure to appear — Municipal Court refused to return deposit to defendant — County Court, pursuant to Code of Criminal Procedure, § 597, has concurrent jurisdiction with Municipal Court in proceeding to remit deposit and will not interfere with jurisdiction of Municipal Court — application should be for rehearing before Municipal Court.

A County Court, under section 597 of the Code of Criminal Procedure, has concurrent jurisdiction with a Municipal Court in a proceeding to remit a forfeiture of an undertaking or deposit.

Accordingly, the County Court of Chautauqua county will not interfere with the jurisdiction of the Municipal Court of the city of Dunkirk and grant defendant's petition for the refund of a deposit in the said Municipal Court as bail for his appearance in the court on an adjourned day, where the deposit was ordered forfeited by the judge presiding in the said Municipal Court, upon defendant's failure to appear, and the court has refused, on application, to order the return of the deposit.

*It seems,* that the defendant should make an application for a rehearing in the Municipal Court of the city of Dunkirk.

PETITION for refund of deposit in Municipal Court of the city of Dunkirk as bail for defendant's appearance in said court on adjourned day.

*Glenn D. Woodin, District Attorney,* for the People.

*Thomas H. Larkin,* for the defendant.

OTTAWAY, J.:

The petitioner, Clem Schoor, presents his petition to the County Court, Chautauqua county, seeking the refund of fifty dollars in money and a fifty-dollar Liberty bond, deposited in the Municipal Court of the city of Dunkirk as bail for his appearance in said court upon an adjourned day.

The Municipal Court of the city of Dunkirk has entered an order forfeiting said fifty dollars and said Liberty bond for the failure

of the petitioner to appear as required by the order.    It appears from the petition that an effort was made by the petitioner to recover the possession of said money and Liberty bond from the judge of the Municipal Court.    While this effort appears to have been informal in character, it appears that the judge of said court refused to return said money to the petitioner.    Under these circumstances the County Court, under section 597 of the Code of Criminal Procedure, has concurrent jurisdiction with the Municipal Court in a proceeding to remit said moneys and under the authority of *People* v. *Street* (14 N. Y. Supp. 778) this court will not interfere with the jurisdiction of the Municipal Court of the city of Dunkirk. An application should be made to the Municipal Court of the city of Dunkirk for a rehearing, if the petitioner desires a rehearing of the matter.