In the Matter of T. VINCENT QUINN, as District Attorney of Queens County, Petitioner, against J. IRWIN SHAPIRO, as Magistrate of the City of New York, Respondent.

Supreme Court, Special Term, Queens County, October 28, 1953.

*T. Vincent Quinn,* as District Attorney of Queens County, petitioner in person.

*Nathaniel L. Goldstein, Attorney-General (Adelbert C. Matthews, Jr.,* of counsel), for respondent.

*Miles F. McDonald,* as District Attorney of Kings County (*David Diamond* of counsel), *amicus curiæ.*

CONROY, J. This is an application by the District Attorney of Queens County for an order pursuant to article 78 of the Civil Practice Act prohibiting the respondent, a Magistrate of the City of New York, from making and entering an order remitting the forfeiture of money deposited in lieu of bail.

On April 24, 1953, a defendant, arrested for disorderly conduct, was duly arraigned in the Magistrate's Court of the City of New York, Felony Court, Queens County, pursuant to section 147 of the New York City Criminal Courts Act, which provides, in part, as follows: " Thereafter all persons arrested for a felony, or an attempt to commit a felony, or any of the misdemeanors and offenses enumerated in section five hundred fifty-two of the code of criminal procedure shall be arraigned before the magistrate holding the felony court, where such courts are established, and not before a magistrate having territorial jurisdiction as provided in section one hundred and six.'' The offense charged was one of those enumerated in section 552 of the Code of Criminal Procedure. The defendant was held in bail of $100. On or about the same day, $100 in cash was deposited by someone in his behalf, in lieu of bail, pursuant to section 586 of the Code of Criminal Procedure, to insure his appearance to answer the charge in said court upon any subsequent adjourned day.

The matter was adjourned to April 29, 1953, for a hearing in said court, but the defendant failed to appear on that day and the magistrate then presiding duly declared the money deposited instead of bail forfeited. (Code Crim. Pro., § 593.) Thereafter and on or about May 28, 1953, the defendant was arraigned on a warrant to answer the charge. According to the District Attorney, a trial was held on that day and the defendant was found guilty. According to the respondent, defendant pleaded guilty. This slight discrepancy, which is the only factual disagreement between the parties to this proceeding, is immaterial. Whether upon defendant's plea of guilty or the court's finding thereof, defendant in any event was sentenced to serve ten days in the workhouse and to pay a fine of $50 or serve ten additional days in the workhouse.

On or about August 7, 1953, the surety made a motion in the Magistrate's Court (Felony Court) for an order remitting the forfeiture of the deposit in lieu of bail. That motion duly came before the respondent for determination. The respondent rendered an opinion in which he stated that if he had the power to do so, he would make an order remitting the forfeiture. After discussing the various statutes respondent concluded that

he had such power and granted the motion, but withheld the entry of an order thereon to afford the District Attorney an opportunity to apply to this court for an order, in the nature of prohibition, restraining the respondent from proceeding in excess of his jurisdiction. We are not concerned with the merits of the application for remission of the forfeiture, but solely with the power of the Magistrate's Court to remit a forfeiture.

It is conceded that authority to remit forfeiture of bail is purely statutory. (*People* v. *Cohen,* 229 App. Div. 515, affd. 255 N. Y. 530.) While there are several statutes conferring such power on various courts (Code Crim. Pro., §§ 597, 740; Judiciary Law, §§ 798, 799), it is on section 597 of the Code of Criminal Procedure that respondent relies for the power of a Magistrate's Court to remit a forfeiture which it has directed.

Section 597 of the Code of Criminal Procedure reads as follows: "*Remission of forfeiture.* After the forfeiture of the undertaking or deposit, as provided in this article, the court directing the forfeiture, the county court of the county, or in the city of New York, the supreme court may remit the forfeiture or any part thereof, upon such terms as are just."

While this section is of " State-wide application " (*People* v. *Continental Cas. Co.,* 301 N. Y. 79, 83), by its very terms it makes a distinction between that part of the State which is within the city of New York and the rest of the State. Outside the city of New York both the court directing the forfeiture and the County Court are authorized to remit a forfeiture and, if they be different courts, they have concurrent power. (*People* v. *Young,* 92 Hun 373, 375–376, affd. 151 N. Y. 651; *People* v. *Schorr,* 124 Misc. 64.)

In *People* v. *Young* (*supra*), the General Term of the Supreme Court said: " The forfeiture was directed by the Court of Sessions of Monroe county, and, therefore, the motion was properly made in that court for the remission. * * * It was optional with the appellants to make the motion either in the Court of Sessions or the County Court."

Within the city of New York, however, a plain reading of the statute indicates that it is the Supreme Court alone which is granted the power to remit forfeitures by section 597 of the Code of Criminal Procedure. It is true that other statutes grant concurrent power to other courts, but we are concerned here only with section 597 of the Code of Criminal Procedure, for it is upon that statute that respondent bases his claim to

jurisdiction. The practice of granting concurrent power to various courts by different statutes is not confined to the remission of forfeitures. For instance, section 484 of the Code of Criminal Procedure specifically provides that an inferior court of local jurisdiction (as is the N. Y. City Magistrate's Ct.— N. Y. City Crim. Cts. Act, § 2) may not remit a fine which it has imposed, but that such power shall be exercised only by the County Court or the Court of General Sessions. Nevertheless, subdivision 2 of section 31 of the New York City Criminal Courts Act grants to the Court of Special Sessions (one of the inferior courts of local jurisdiction — N. Y. City Crim. Cts. Act, § 2) the power to remit fines imposed by it, and it has been held that Special Sessions and the County Court have concurrent jurisdiction. (*People ex rel. Cropsey* v. *Court of Special Sessions,* 170 App. Div. 575, affd. 217 N. Y. 674.) So with respect to remission of forfeitures within the city of New York concurrent power has been given to the County Court by sections 798–799 of the Judiciary Law. Respondent does not claim, however, that the Magistrate's Court has jurisdiction by virtue of the above-cited sections of the Judiciary Law.

Since section 597 of the Code of Criminal Procedure makes special provision for the Supreme Court to remit forfeitures within the city of New York, it follows that the general provision preceding that special provision is inapplicable within the city of New York. In *Wormser* v. *Brown* (149 N. Y. 163, 170), the Court of Appeals said: " When a statute contains separate provisions, one special and the other general, the latter will not be construed as including the former, but the special statute will be regarded as in the nature of an exception to the general one." The historical use of the power to remit within the city of New York confirms this view.

Section 597 of the Code of Criminal Procedure, as enacted by chapter 442 of the Laws of 1881, provided as follows: " After the forfeiture of the undertaking or deposit, as provided in this article, the court directing the forfeiture, the county court of the county, or in the city of New York, the court of common pleas of that city, may remit the forfeiture or any part thereof, upon such terms as are just." While this section was in effect, the New York City Consolidation Act was enacted by chapter 410 of the Laws of 1882. Section 1482 of that act empowered the Court of Common Pleas to vacate any judgment entered upon the forfeiture of a recognizance. Section 1483 of the same act, however, provided in part that " Any

one of the judges presiding at the court of general sessions of the peace in and for the city and county of New York, and any justice presiding at court of oyer and terminer in said county *in whichever court any recognizances shall be forfeited may*" vacate any judgment entered upon the forfeiture of such recognizances.

It was held that by these two statutes the Court of Common Pleas had concurrent jurisdiction with each of the other courts. (*People* v. *Street,* 14 N. Y. S. 778; *People* v. *Lasher,* 18 N. Y. S. 136.)

It will be noted that while the Court of Common Pleas had the power to remit forfeitures occurring in any court within the city of New York, the Judges of the Court of General Sessions and the Justices of the Court of Oyer and Terminer had power to remit only such forfeitures as occurred in their own courts. There would have been no need for this statute giving the latter two courts power concurrently with the Court of Common Pleas to remit forfeitures occurring in their own courts if " the court directing the forfeiture " had such power within the city of New York pursuant to section 597 of the Code of Criminal Procedure. It follows that section 597 of the Code of Criminal Procedure conferred the power to remit forfeitures within the city of New York on the Court of Common Pleas alone.

Since 1881 section 597 of the Code of Criminal Procedure appears to have been amended only once. By chapter 880 of the Laws of 1895 (eff. Jan. 1, 1896), the " supreme court " was substituted for the Court of Common Pleas. It follows that the Supreme Court is the only court authorized by section 597 of the Code of Criminal Procedure to remit forfeitures within the city of New York.

It is significant that section 103 of the New York City Criminal Courts Act, which authorizes city magistrates " to admit to, fix and accept bail " in certain cases, contains no authorization to remit forfeitures of bail. In view of the other statutes bearing upon the subject, this omission cannot be deemed to be an oversight.

The application for an order prohibiting the respondent from making an order remitting the forfeiture of the money deposited in lieu of bail is granted. Submit order.