In the Matter of T. VINCENT QUINN, as District Attorney of Queens County, Respondent, against J. IRWIN SHAPIRO, as Magistrate of the City of New York, Appellant.— In a proceeding under article 78 of the Civil Practice Act brought by the District Attorney of Queens County, the application was granted and an order was made prohibiting the appellant, a Magistrate of the City of New York, from making an order remitting the forfeiture of cash bail deposited in

the Magistrate's Court. Decision was made on the ground that section 597 of the Code of Criminal Procedure does not authorize a magistrate of the city of New York to remit such a forfeiture. Order reversed on the law, without costs, and the application denied, without costs. The facts are affirmed. In our opinion section 597 empowers the Magistrate's Court of the City of New York to make the remission. Giving heed to the history of the legislation, including the original enactment of the section and the subsequent legislative inclusion of additional counties to embrace the City of New York, it would seem that the legislative intent was to authorize in every county in the State the court directing the forfeiture to make a remission thereof. It would seem that the intention was to give such power also to the County Court in every county, but inasmuch as there was no such court in New York County, the power was given to the Supreme Court. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur. [204 Misc. 835.]

■

ANNA KEENAN, as Administratrix of the Estate of WALTER KEENAN, Deceased, Respondent, v. HAROLD SHEEHAN et al., Appellants.— In an action to recover damages for the death of respondent's intestate, resulting from a fall from a taxicab in which he was a passenger, judgment in favor of respondent unanimously affirmed, with costs. Implicit in the jury's verdict is a finding that the intestate, who had been sitting on the left side of the rear seat, was thrown against the handle of the left rear door when the taxicab swerved to the right, causing the door to open, and was precipitated to the roadway. In our opinion, that finding, and the conclusion that appellants' negligence was the proximate cause of the injuries, are supported by the proof that the door handle opened by downward pressure in violation of the requirements of the Standard Taxicab Specifications promulgated by the police department of the city of New York and that the operator of the taxicab changed its direction from left to right at the point of the accident. (Cf. Marshall v. Carter, 301 Mass. 372, 378.) Respondent was not required to exclude the remote possibility that the door was deliberately opened by the intestate (cf. Rosenberg v. Schwartz, 260 N. Y. 162) and in this death action is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence (Noseworthy v. City of New York, 298 N. Y. 76). Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.