Aeon Stetjeb, J.
This is an application by a surety for an order directing the District Attorney to issue a certificate that the People lost no rights by reason of a forfeiture of bail and further directing the Comptroller to return the cash bail deposited by the petitioner less any legal fees due the City of New York on presentation of the order herein. The facts are that the surety deposited cash bail for one Leonard. On March 27, 1957 Leonard failed to appear for pleading and his bond was declared forfeited. On July 3, 1957 Leonard was brought before the same court on a bench warrant. His failure to appear was explained, apparently to the satisfaction of the court. The bond was reinstated and the forfeiture vacated. Some months later the defendant pleaded guilty and received a suspended sentence.
The District Attorney does not claim that the People lost any rights. The application is resisted on the ground that the application is made more than one year after the forfeiture, whereas the governing statute (Code Crim. Pro., § 598) fixes that as the period of limitation. He contends, correctly, that where the application is barred by limitations whether or not any rights were lost is immaterial. (People v. Martin, 225 App. Div. 572.) This, however, loses sight of the fact that the forfeiture was vacated and the bond reinstated within the year. As the court was empowered to do this (Matter of Quinn v. Shapiro, 284 App. Div. 894, affd. 309 N. Y. 829), the net effect is that thereafter the deposit was held as bail in effect rather than as bail that was forfeited. The limitation relied on does not affect the situation.
Motion granted.