(160 App. Div. 105)

PEOPLE ex rel. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN v. KERNOCHAN et al., Justices of Court of Special Sessions, et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

CORPORATIONS (§ 530*)—MISDEMEANORS—JURISDICTION—STATUTES—"PERSON."

So far as concerns misdemeanors of corporations, Code Cr. Proc. § 675 et seq., relative to investigation of criminal charges against corporations, and the courts therefor, are superseded by Laws 1910, c. 659, § 31, giving the Court of Special Sessions in the city of New York, in the first instance, "exclusive" jurisdiction of all charges of misdemeanor committed in said city, subject to be divested thereof if the grand jury first indict the person for the offense; the term "person," when used in a statute, including, by provision of Gen. Construction Law, § 37 (Consol. Laws, c. 22) a corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 530.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

Appeal from Special Term, Kings County.

Prohibition by the People, on the relation of the Edison Electric Illuminating Company of Brooklyn, against Frederick Kernochan and others, as Justices of the Court of Special Sessions, and others. From an order denying the writ, relator appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Glenn M. Congdon, of New York City, for appellant.

William H. Kehoe, of New York City (Herman Stiefel, of New York City, on the brief), for respondents.

CARR, J. This is an appeal from an order that denied the relator's motion for a writ of prohibition against the Court of Special Sessions in the borough of Brooklyn. The order contains no recital whether the motion was denied on the ground of discretion or as a matter of law. An information was filed against the relator before a city magistrate in the borough of Brooklyn, containing a charge of

a violation of the provisions of the Sanitary Code of the City of New York. Section 1172 of the Greater New York Charter (Laws 1901, c. 466) provides that a violation of the provisions of the Sanitary Code constitutes a misdemeanor. A summons was issued by a city magistrate, directed to the relator, who appeared by counsel, and an examination was had at which the department of health of the city of New York was likewise represented by counsel. The city magistrate found that a crime had been committed, and that there was sufficient cause to believe that the relator was guilty thereof, and ordered that it be held to answer therefor. This order and the information, deposition, and other papers were transmitted to the Court of Special Sessions in the borough of Brooklyn. Section 95 of chapter 659 of the Laws of 1910, which relates to inferior courts of criminal jurisdiction of the city of New York, regulates the procedure before a city magistrate upon a complaint for a violation of the Sanitary Code. The relator appeared by counsel before the Court of Special Sessions, at the time appointed for the making of its plea to the charge before said court before trial. It attacked the jurisdiction of the Court of Special Sessions to try the charge against it, on the ground that it was a corporation, and that a charge of crime against a corporation could be tried only after indictment by the grand jury, and not summarily. Chapter 9 of the Code of Criminal Procedure, beginning with section 675, provides the procedure for the investigation of criminal charges against corporations, and for their indictment. If this chapter now applies to the city of New York in relation to the prosecution of corporations for misdemeanors, then the Court of Special Sessions had no jurisdiction in the matter unless the grand jury refused to indict. However, by chapter 659 of the Laws of 1910, as aforesaid, particularly by section 31 thereof, the Court of Special Sessions in the city of New York is given in the first instance—

"*exclusive* jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel."

That section, however, provides that said court may become divested of its jurisdiction to try said charges under certain circumstances, among which are as follows: If before the commencement of the trial of any person accused of a misdemeanor, the grand jury shall present an indictment against the same person for the same offense, or if before the commencement of any such trial, the proceeding is directed to be prosecuted by indictment by order of a Supreme Court judge or a judge of the County Court. The question involved on this appeal narrows itself down to this proposition: Is the exclusive jurisdiction of the Court of Special Sessions to try charges of misdemeanor committed within the city of New York limited to a case where the person committing such misdemeanor was a natural person, and not a corporation? Section 37 of the General Construction Law provides that the term "person," wherever used in the statute, includes a corporation or joint-stock association. If the act of 1910 stood alone, there could be no reasonable question but that the Court of Special Sessions in the city of New York had exclusive jurisdiction of misdemeanor com-

mitted by a corporation. The further question involved is: Do the provisions of the Code of Criminal Procedure above cited still apply, or does the statute of 1910 supersede as to charges of misdemeanor all the relative provisions of the Code of Criminal Procedure? We think it does, according to rules of statutory construction so well settled as to require no present discussion.

The order appealed from should be affirmed, with $10 costs and disbursements, as a matter of law. All concur.