In the Matter of the Application of the TOWN OF NICHOLS, Petitioner, for a Peremptory Order of Mandamus against the COUNTY OF TIOGA, NEW YORK and Another, Respondents.

Supreme Court, Tioga County, August 18, 1927.

Highways — bridges — town and county highway — bridge destroyed by elements must be built and paid for by town, under Highway Law, §§ 93, 94, 250 — Highway Law, § 19, as added by Laws of 1927, chap. 293, relates to bridges that have been condemned.

A bridge on a highway, known as a town and county highway, improved under section 320-a of the Highway Law, which is destroyed by the elements, must be replaced at the expense of the town, as provided by sections 93, 94 and 250 of the Highway Law.   Section 19 of the Highway Law, as added by Laws of 1927, chap. 293, does not apply to a bridge that has been destroyed by the elements, but applies only to bridges that have been condemned.

APPLICATION for a peremptory order of mandamus.

*Truman, Bassett & Wood*, for the petitioner.

*Fred W. Clifford*, for the respondents.

Supreme Court, August, 1927.                    [Vol. 130

Rhodes, J.  The petitioner asks for a peremptory order of mandamus against respondents directing that a destroyed bridge in the town of Nichols be reconstructed under the direction of the county superintendent of highways, and paid by the county of Tioga.  The bridge in question was located upon an improved macadamized highway in the town of Nichols, said highway having been improved under section 320-a of the Highway Law (added by Laws of 1914, chap. 61, as amd.) and being known as a town and county highway.  The bridge was an iron structure 110 feet in length, spanning the Wapasenning creek, and was destroyed by high water on November 16, 1926.  The cost of the new bridge would exceed $10,000, and on January 29, 1927, a meeting of the town board was held for the purpose of calling a special town meeting to vote upon the proposition to build a new bridge to replace the destroyed structure.  On February 21, 1927, a special town meeting of said town was held and it was voted that the town should construct a new bridge upon the former location at a cost not exceeding $20,000.  Thereupon the respondent county superintendent of highways inspected the location and prior to March 24, 1927, prepared or supervised the preparation of plans for the new bridge.  The town board duly advertised for bids on March 10, 17 and 24, 1927, giving notice that it would receive sealed bids for the construction of said bridge, which would be opened on March 31, 1927, and on the same day the town entered into a contract with the Luten Bridge Company to reconstruct said bridge at a cost of $19,600, which contract was approved by said county superintendent of highways and the bridge company thereupon commenced work upon said bridge, which work is now in progress.

The town authorities proceeded in accordance with the law as it existed prior to March 24, 1927, but it is claimed by the petitioner that the Legislature has amended the Highway Law so as to remove from the town the duty to construct and pay for said bridge and has placed the burden upon the county.  By chapter 88 of the Laws of 1927, former section 22 of the Highway Law was renumbered as section 19, and by chapter 293 of the Laws of 1927, said section 19 was repealed and a new section 19 added in place thereof.  This amendment became a law on March 24, 1927, which was before the opening of the bids and the awarding of the contract for the construction of the bridge.  Said section 19, in its present form, provides as follows:

"§ 19.  Condemnation of bridges not on the improved state and county system of highways.

"1. The county superintendent shall cause an inspection to be made of any bridge, not on the improved state and county system

of highways, which is reported to be unsafe for public use and travel by the district superintendent, the town superintendent or five residents of the town.   If such bridge is found to be unsafe for public use and travel, the county superintendent shall condemn it and notify the town superintendent and the supervisor of the town.   If the bridge is of a span less than twenty-five feet, the county superintendent shall without delay cause to be prepared plans, specifications and estimates for the repair, alteration or reconstruction of such bridge, or for the construction of a new bridge on a new location.   The town shall forthwith provide for the repair, alteration or reconstruction, or the construction of a new bridge on new location, as provided for by section ninety-three of this chapter.

" 2. Any bridge having a span of twenty-five feet or more, located on a county or town road outside of a city, which is condemned as provided in section nineteen of this chapter, shall be repaired, altered, or reconstructed under the direction of the county superintendent of highways.   Any bridge of a span of twenty-five feet or more to be built on a new location shall be constructed under the direction of the county superintendent of highways. The county or counties in which such bridges are located shall pay the cost of such repair, alteration, reconstruction or construction, and thereafter the cost of maintenance and repair of such bridges shall be paid by the county or counties except that the cost of planking or paving any such bridge shall be paid by the town or towns in which such bridges are located."

Section 93 of the Highway Law (as amd. by Laws of 1917, chap. 261) provides, in part, as follows:

" § 93. Extraordinary repairs of highways and bridges.   If any highway or bridge or the board walk on any highway less than two rods in width, or a walk built to replace the same under section sixty-two, shall at any time be damaged or destroyed by the elements or otherwise, or become unsafe for public use and travel, or if any bridge or the board walk on any highway less than two rods in width, or any such walk built to replace the same, be condemned by the commission, as provided in this chapter, the town superintendent shall cause the same to be immediately repaired or rebuilt, with the approval of the town board.   Such highway or bridge or walk shall be so repaired or rebuilt in accordance with the directions or the plans and specifications prepared or approved by the district or county superintendent; except if the bridge or walk to be repaired or rebuilt is one which has been condemned by the commission, as provided in this chapter, the same shall be repaired or rebuilt in accordance with plans and specifications to

be prepared or approved by the commission. The town clerk shall prepare a statement showing the probable cost of improving, repairing or rebuilding such highway or bridge or walk, which statement shall be signed in duplicate by a majority of the members of the town board, * * *."

Section 250 of the Highway Law (as amd. by Laws of 1915, chap. 589) provides, in part, as follows:

" § 250. When town or county expense. The towns of this state, except as otherwise herein provided, shall be liable to pay the expenses for the construction and repair of its public or free bridges constructed over streams or other waters within their bounds, and their just and equitable share of such expenses when so constructed over streams or other waters upon their boundaries, except between the counties of Westchester and New York; and when such bridges are constructed over streams or other waters forming the boundary line of towns, either in the same or adjoining counties, such towns shall be jointly liable to pay such expenses. * * *."

Subdivision 4 of section 94 of the Highway Law (as amd. by Laws of 1923, chap. 735) provides as follows:

" 4. Not more than three thousand dollars shall be levied and collected in any one year in any town for the repair or construction of any highway or bridge which has been damaged or destroyed as provided in section ninety-three or which has been condemned by the commission as provided in this chapter, unless by unanimous consent of the town board, but in no case shall more than six thousand dollars be levied and collected unless duly authorized by the vote of a town meeting."

It is claimed by the petitioner that section 19 of the Highway Law taking effect March 24, 1927, has by implication repealed the provisions of said sections 93, 94 and 250 of the Highway Law under which the burden and obligation was upon the town to construct the bridge.

Respondents claim, however, that said section 19, as amended, has reference to bridges which have been condemned; that the bridge in question has never been condemned, but that it is a bridge destroyed by the elements and that section 93 requires that such a bridge so destroyed must be rebuilt by the town superintendent with the approval of the town board in accordance with the directions or plans and specifications prepared or approved by the district or county superintendent.

I think the contention of the respondents is correct; that the provisions of section 19 of the Highway Law as amended have not repealed by implication the provisions of section 93 by which the

burden rests upon the town acting through the county superintendent. Section 19 has to do with a bridge which has been condemned. Not having been condemned, the provisions of section 93 are operative, which require that a destroyed bridge shall be built by the town authorities. It is a well-settled rule that it is the duty of the courts to harmonize conflicting provisions of a statute. The repeal of a statute by implication is not favored. Furthermore, I do not think a proper construction of the statute shows any intent on the part of the Legislature to repeal the provisions of the Highway Law by which the burden is upon the town in this case to construct and pay for the bridge. It seems to me clear that it was the intent of the Legislature, as expressed in the statute, to leave the law unchanged in this respect, for the amendment as expressed in the existing section 19 of the Highway Law relates only to the method of condemnation of bridges and to the payment of the cost of such a bridge after its condemnation. If I am correct in the conclusions which I have arrived at, it is unnecessary to discuss the other very interesting points touched upon in the briefs submitted.

I conclude, therefore, that in so far as the case at bar is concerned the power and the duty remain with the town to construct and pay for said bridge under the provisions of sections 93, 94 and 250 of the Highway Law, unchanged by the provisions of section 19 of the Highway Law.

The prayer of the petition should, therefore, be denied and the petition should be dismissed, with costs.