THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SNIDER PACKING CORPORATION, Appellant.

County Court, Monroe County, August, 1932.

*Sutherland & Dwyer*, for the appellant.

*William H. Tompkins, Assistant Attorney-General*, for the respondent.

LYNN, J. The appellant was convicted in a Court of Special Sessions for violation of the Labor Law, and appeals, alleging three errors: *First*, that the Court of Special Sessions had no jurisdiction to convict a corporation; *second*, that the offense charged was not the one proved; and *third*, that there was certain evidence

excluded which should have been admitted. These alleged errors will be reviewed in inverse order.

The defendant was charged with permitting a woman to work in its factory, canning corn, at seven-thirty P. M., when the hour for her to cease work, as designated in the posted schedule, was six P. M. The appellant sought by the excluded testimony to give an excuse for the violation of the law. Its superintendent was asked: " Tell the jury something of the condition of your corn shed, as to how much and condition." The question was objected to as immaterial and excluded. The ruling was undoubtedly correct. An excuse for violating law is not a defense in the prosecution therefor.

A second alleged error involves two sections of the Labor Law, 173 and 174. While the defendant claims the offense, if any, was a violation of section 173, I am of the opinion that the proof showed a violation of section 174 as charged in the information, although the facts might also prove a violation of section 173.

This brings us to consideration of the first objection, which is the serious ground of appeal. It is claimed that because the defendant is a corporation, it could not be tried by a Court of Special Sessions, but must be prosecuted by indictment.

Chapter IX of the Code of Criminal Procedure, commencing with section 675, is entitled, " Proceedings against corporations," and provides a practice which may be initiated before a magistrate who conducts an examination as in the case of a felony committed by a natural person, and either dismisses the proceeding or holds the defendant for the grand jury. The proceeding is initiated by a summons returnable in ten days, or more, to be served upon an officer of the corporation. The last section of the chapter refers to the punishment, which of course is a fine, and its mode of collection.

It is the contention of the appellant that, no matter what the charge may be against a corporation, it must be prosecuted under this chapter, and that the magistrate in this case, instead of trying it, should have held it for the grand jury.

The proceeding provided for in chapter IX was followed in this case as far as the initiation of the proceeding is concerned, and the punishment was a fine.

Section 56 of the Code of Criminal Procedure gives to Courts of Special Sessions exclusive jurisdiction to try charges of misdemeanors in the instances included in some thirty-nine subdivisions, the thirty-fifth of which includes violation of the Labor Laws, and it is the contention of the Attorney-General that the Court of Special Sessions had exclusive jurisdiction in this case; that chapter

IX of the Code of Criminal Procedure applies only to crimes of which the Court of Special Sessions has not exclusive jurisdiction.

The appeal has been presented with unusual ability and exhaustive briefs, and were it not for the decision in the case of *People ex rel. Edison Electric Ill. Co.* v. *Kernochan*, hereinafter referred to, I would be inclined to accept the appellant's reasoning. Although the General Construction Law provides in section 37 that the term "person" includes a corporation, there is much in the statute to indicate that a corporation was not intended to be covered by section 56 of the Code of Criminal Procedure.

First, the prosecution for misdemeanor is instituted by warrant for the arrest of the offending party, and, obviously, a corporation cannot be arrested, and no special provision is made to cover the case of a corporation, except that which is provided in chapter IX. Then there are provisions for bail, which are also inapplicable to a corporation, and, finally, the punishment for a misdemeanor includes imprisonment, which is also inapplicable to a corporation.

All these things, and others, argue for the theory that it was intended that corporations should be prosecuted under chapter IX. However, the question seems to have been settled by the decision in the case of *People ex rel. Edison Electric Illuminating Co.* v. *Kernochan* (160 App. Div. 106; affd. on opinion below, 211 N. Y. 539). In that case the Inferior Criminal Courts Act of the City of New York was under consideration, instead of section 56 of the Code of Criminal Procedure, but the same question arose.

The Inferior Criminal Courts Act provided that the Court of Special Sessions of the City of New York should have exclusive jurisdiction to hear and determine all charges of misdemeanor, and the prosecution was for violation of the Sanitary Code, which by the charter of Greater New York was made a misdemeanor.

The same objection was taken as was taken here — that it being a corporation it could only be prosecuted by indictment under chapter IX of the Code of Criminal Procedure.

Judge CARR, writing for the Appellate Division, says (at p. 107): "The question involved on this appeal narrows itself down to this proposition: Is the exclusive jurisdiction of the Court of Special Sessions to try charges of misdemeanor committed in the city of New York limited to a case where the person committing such misdemeanor was a natural person and not to a corporation?"

The court then calls attention to the fact that section 37 of the General Construction Law provides that the term "person," wherever used in the statute, includes a corporation, holding that the exclusive jurisdiction given the Court of Special Sessions applies as well to an offense committed by a corporation as to one

committed by a natural person. To be sure the court indicates that the fact the Inferior Criminal Courts Act was passed subsequently to chapter IX of the Code, had the effect of superseding it, but that does not necessarily weaken the decision as an authority in the case at bar. It is nevertheless the ruling in that case that the Court of Special Sessions obtained jurisdiction because of section 37 of the General Construction Law, ignoring the possible objections heretofore referred to, such as the impossibility of arresting a corporation or sending it to prison. Furthermore, all parts of the Code of Criminal Procedure must be read together irrespective of the time of passage of the various sections.

When the Legislature amends the Code, it must be assumed to be aware of and ratify that which is already there. Furthermore, the provision making a violation of the Labor Laws a part of section 56 was placed therein as late as 1922,* long after chapter IX of the Code was in effect, so that if the chronology is of any importance that fact must be taken into consideration.

The practice to be gathered from the statutes, as interpreted by the decision in the *Kernochan* case, seems to be that the practice under chapter IX of the Code shall be followed in the matter of getting the corporation before the court and the enforcement of the judgment, but that the Court of Special Sessions has exclusive power to try the defendant. This is the view taken by the Court of Special Sessions of the City of New York in *People* v. *Perfecto Chemical Co.* (123 Misc. 443), as that was the practice adopted in the case at bar, and as it is apparent that the Court of Special Sessions had jurisdiction, the conviction must be affirmed.