THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS A. SHEEHY, Defendant, and ITA WOODHOUSE, Surety.

City Magistrate's Court of New York, Borough of Queens, Felony Court, August 25, 1953.

*T. Vincent Quinn, District Attorney* (*Benjamin J. Jacobson* and *John Londergan* of counsel), for plaintiff.

J. I. Shapiro, M. The surety herein applies for an order under sections 597 and 598 of the Code of Criminal Procedure remitting the forfeiture of cash bail deposited by her for and on behalf of the defendant, who was theretofore charged with disorderly conduct in violation of subdivision 8 of section 722 of the Penal Law.

The defendant failed to appear before this court for trial on April 30, 1953, and his bail was thereupon forfeited. Subsequent thereto, and on May 28, 1953, defendant appeared, pleaded guilty and was duly sentenced.

The facts explaining and excusing the defendant's failure to appear for a hearing on April 30, 1953, have been fully set forth in the moving papers and warrant the exercise of discretion by this court in remitting the forfeiture of the bail deposit heretofore made by the surety *if this court has the power to order such remission.*

Upon the argument of the appeal, and in answer to the court's inquiry as to why this motion was not made in the County Court of Queens County, the court was informed that that court had refused to entertain applications for remissions of forfeitures not originating in that court. Hence, this motion.

" The right of a court to remit forfeiture of bail is not an inherent prerogative but exists only by virtue of statutory authority." (*People* v. *Manufacturers Cas. Ins. Co.,* 109 N. Y. S. 2d 716, revd. on other grounds 279 App. Div. 923.)

Is there then statutory authority for the remission of a forfeiture of bail by this court?

Section 598 of the Code of Criminal Procedure provides that " The application [to remit a forfeiture] must be made within one year after the forfeiture of such undertaking or deposit is declared upon at least five days' notice to the district attorney of the county."

In this case, less than five days' notice was given to the District Attorney but upon the argument of this motion he expressly waived that provision and consented that the motion be heard upon its merits.

Section 597 of the Code of Criminal Procedure, *upon which the power of this court to remit a forfeiture must depend,* if it be held that it has such power, reads as follows: " After the forfeiture of the undertaking or deposit, as provided in this article, *the court directing the forfeiture,* the county court of the county, or in the city of New York, the supreme court *may remit the forfeiture* or any part thereof, upon such terms as are just." (Italics supplied.)

The pertinent portions of the above section, so far as this motion is concerned, are the words " as provided in this article " and " the court directing the forfeiture ". The article in question is article 7 and it deals with forfeiture of the undertaking of bail or of the deposit of money when " the defendant neglects to appear for arraignment, or for trial or judgment, or upon any other occasion where his presence in court may be lawfully required \* \* \* " (Code Crim. Pro., § 593) and there is no limit therein or in any place in the entire article to any particular criminal court or courts. All courts of criminal jurisdiction of the State of New York seem to be included within its provisions for section 595 of the Code of Criminal Procedure states that " If the forfeiture be not discharged \* \* \* the district attorney, within sixty days after the adjournment of *the court at which the bail was directed to be forfeited,* shall proceed against any surety upon his undertaking." (Italics supplied.)

The words that " the court directing the forfeiture \* \* \* may remit the forfeiture or any part thereof, upon such terms as are just " (Code Crim. Pro., § 597) would in this case clearly seem to refer to this court, for it was the " court directing the forfeiture ".

Were that the only question in the case, and were there no other statutes affecting the remission of bail forfeitures, the problem would be simple of solution and this court would unhesitatingly hold that it had jurisdiction to entertain the instant application. However, section 740, also in the Code of Criminal Procedure, reads as follows: " *The county court of the county, or in the city of New York, the supreme court* may remit the forfeiture or any part thereof, in the cases and in the manner provided in the judiciary law." (Italics supplied.)

Thus, section 740 does not include within those courts having jurisdiction to remit a forfeiture " the court directing the forfeiture " which is given such power by section 597.

Both sections 740 and 597 of the Code of Criminal Procedure were derived from sections 37 and 38 of title 6, chapter 8, part 3 of the Revised Statutes of this State, and were included in the Code of Criminal Procedure by section 1 of chapter 880 of the Laws of 1895, effective January 1, 1896.

The question, therefore, arises as to what extent, if any, does section 740 act as a limitation upon the rights and powers conferred by section 597.

In construing section 740 and its apparent inconsistency and difference from section 597 of the Code of Criminal Procedure, note should be made of the fact that it is contained in that por-

tion of the code (part V, tit. 1, §§ 699–740-c inclusive) which deals with "Proceedings In Courts Of Special Sessions In The Counties Other Than New York." Section 740 of the code is the *only* section contained in the entire title which has any reference to proceedings in the city of New York. All the other sections in that title deal, as the heading indicates with "Proceedings In Courts of Special Sessions In The Counties Other Than New York." The inclusion of the words " or in the city of New York, the supreme court ", in section 740 would seem to be quite inapposite to the entire title 1 and all the matters dealt with therein.

It should be further noted that section 740 gives " the county court of the county, or in the city of New York, the supreme court ", the power to remit forfeitures " in the cases and in the manner provided in the judiciary law." Section 798 of the Judiciary Law, so far as here pertinent, reads as follows: " Upon the application of a person, who has been fined by a court, or of a person whose recognizance has been forfeited, or of his surety, *the county court of the county* in which the term of the court was held, where the fine was imposed, or the recognizance taken, *may * * * make an order, remitting the fine, wholly or partly, or the forfeiture of the recognizance, or part of the penalty thereof; or it may discharge the recognizance.*" (Italics supplied.)

Nowhere, either in section 798 of the Judiciary Law, or in section 740 of the Code of Criminal Procedure, does one find a reference to " the court directing the forfeiture " such as is found in section 597 of the Code of Criminal Procedure.

In addition, section 799-a of the Judiciary Law provides that " An application for an order, as prescribed in section seven hundred and ninety-eight, cannot be heard, until such notice thereof as a court deems reasonable, has been given to the district-attorney * * * ", whereas section 598 of the Code of Criminal Procedure provides that " The application must be made * * * upon at least five days' notice to the district attorney of the county ".

Reconciliation between these apparently conflicting provisions could be had by a holding upon the narrow ground that section 740 of the Code of Criminal Procedure contained in the title dealing with the Courts of Special Sessions is applicable to and a limitation upon the power of that court (or any other court sitting as a Court of Special Sessions) and does not limit any courts other than Courts of Special Sessions which

are the only courts directly dealt with in the title and material matter of the sections in question (§§ 699–740-c, inclusive).

This court prefers to ground its finding that the Magistrate's Court of the City of New York has jurisdiction to remit a forfeiture declared in its own court upon a holding that the sections should be read together, that each one should be given effect and that the permissive statutory powers granted in section 740 of the code should not be deemed a limitation upon the powers specifically and affirmatively conferred upon " the court directing a forfeiture " to remit the same contained in section 597 of the code.

The learned District Attorney in his memorandum of law disagrees with this conclusion. He states: " It is, therefore, concluded that despite the fact that Section 740 of the Code of Criminal Procedure is contained under the title dealing with Courts of Special Sessions outside of the City of New York, the provision therein relative to the City of New York may not be disregarded and must be given effect; that Section 740, therefore, limits the general applicability of Section 597 of the Code of Criminal Procedure; and that, therefore, in the City of New York only the County Courts and the Supreme Court have jurisdiction to remit a forfeiture of bail."

Certain it is that in the city of New York, where the Supreme Court in all of its counties is so overburdened with work and so far behind in its calendars that even heroic measures, taken by both Appellate Divisions, have failed to put a noticeable dent in the delay between noticing a case for trial and the actual trial itself, and in which the court rarely exercises its powers to act as a court of criminal jurisdiction, a construction of the statutes in question which will foist upon that court (the County Court of Queens County apparently being unwilling to assume jurisdiction) the necessity for passing upon applications of the character now before this court should be avoided, if at all legally possible.

Section 102 of the New York City Criminal Courts Act, which provides for the general jurisdiction of the Magistrate's Court of the City of New York states that " The chief city magistrate and the city magistrates have all the powers and jurisdiction possessed by city magistrates of the city of New York on the first day of April, nineteen hundred and ten."

Since sections 597 and 598 of the Criminal Code were in being on the first day of April, 1910, this court has jurisdiction to remit forfeitures in those cases in which it declared the forfeiture if

the provisions of those sections insofar as they speak of " the court directing the forfeiture " are not in effect repealed by section 740 of the code and section 798 of the Judiciary Law.

In construing a statute, and for this purpose the Code of Criminal Procedure must be considered as one statute (*People ex rel. New York Central & H. R. R. R. Co.* v. *Purdy,* 216 N. Y. 704, revg. 167 App. Div. 637, on dissenting opinion below; *People* v. *Snider Packing Corp.,* 144 Misc. 654), no part thereof may be considered meaningless unless such a conclusion is inevitable (*Matter of Clonan,* 176 Misc. 557); they must be so read that each word will have a meaning and must not be so read that one word or sentence will cancel out and render meaningless another word or sentence (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 97; *People ex rel. Wood* v. *Draper,* 15 N. Y. 532; *Matter of Terry,* 218 N. Y. 218; *People* v. *Ryan,* 274 N. Y. 149; *Chase Nat. Bank* v. *Guardian Realties,* 283 N. Y. 350; *Matter of Tonis* v. *Board of Regents,* 295 N. Y. 296). No words in a statute should be rejected when it is practicable to give to each a distinct and consistent meaning (*Matter of Kaplan* v. *Peyser,* 273 N. Y. 147; *Matter of Town of Nichols* v. *County of Tioga,* 130 Misc. 217; *Matter of Bailey* [*Bush Term. Co.*], 265 App. Div. 758, affd. 291 N. Y. 534), and " If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for both acts, that construction should be adopted." (*Matter of Tiffany,* 179 N. Y. 455.)

This court, therefore, concludes, that in an effort to harmonize the provisions of the various sections here being construed, without doing violence to any of them, and " Proceeding, as we must, upon the assumption that the Legislature did not deliberately place in the statute a phrase which was intended to serve no purpose " (*People* v. *Dethloff,* 283 N. Y. 309, 315), *it should be held that sections 740 of the Code of Criminal Procedure and 798 of the Judiciary Law are permissive but not exclusive,* and do not act as a limitation upon the specific and definite rights granted by the Legislature in sections 597 and 598 of the Code of Criminal Procedure, particularly since these latter two sections are of " State-wide application " (*People* v. *Continental Cas. Co.,* 301 N. Y. 79, 83). The motion of the surety to remit the forfeiture heretofore declared herein is therefore granted.

This court recognizes that there is no reported decision in this State holding that this court has the jurisdiction which it is now declared by this opinion to have, although in the case of *People* v. *Schorr* (124 Misc. 64), the County Court of Chautauqua *assumed* that the Municipal Court of the City of Dunkirk, a

court of inferior and local criminal jurisdiction, had power to remit a forfeiture by virtue of sections 597 and 598 of the code. The court there, however, did not discuss or mention either section 740 of the code or section 798 of the Judiciary Law. Under the circumstances, and recognizing the precedent making nature of the determination here made, and cognizant of the District Attorney's contention that this court is proceeding beyond and in excess of its jurisdiction, this court will withhold entering an order hereon for five days after the rendition of this opinion to afford the District Attorney an opportunity to apply to the Supreme Court for an order in the nature of an order of prohibition pursuant to article 78 of the Civil Practice Act.