Francis J. Donovan, J.
Defendants move to suppress the introduction into evidence of two motion picture films, one entitled ‘1 The Odd Triangle ’ ’ and the other a preview of coming attractions. Defendant, Thomas 'Cuccaro, is separately represented and moves in his own behalf. The remaining defendants are joined in a single motion, wherein additional relief is asked, to wit: “ all fruits, products and-derivative evidence ” also be suppressed.
The major question presented is one of law, namely: Is an adversary hearing required before films alleged to be obscene may be seized by law enforcement officers ?
Counsel for Cuccaro did not join in the stipulation which was entered into by the District Attorney and counsel for the other defendants. Pursuant to that stipulation, any objection to the validity of the search warrant and the manner of execution, except insofar as the aforesaid question of law is involved, was waived.
The affidavit upon which the search warrant was issued appears in all respects to be valid and to establish ‘ ‘ reasonable and probable cause ’ ’. Furthermore the evidence established that the Judge who signed the warrant, himself viewed the film before so signing. It further appeared from the evidence at the hearing that .the defendant, Cuccaro, was fully apprised of the authority and purpose of the law enforcement officers to whom he surrendered the films.
At the end of a long argument — almost as an afterthought — the District Attorney questioned the standing of several of the defendants, contending that they did not have the necessary status to support the motion to suppress.
There is no merit in such a contention. The defendants are all alleged to have, in concert, possessed and promoted the films. It follows that they are all victims of the allegedly, illegal search and seizure or 1 ‘ one against whom the search was directed ’ ’ (People v. Estrada, 28 A D 2d 681).
On the main question of law, defendants, in addition to contending that the search and seizure were illegal because of lack of a prior adversary hearing, contend that an order heretofore made by Judge Travia in the United States District Court for the Eastern District of New York has already determined that question in favor of the defendants and is binding upon this court. We will take the questions in inverse order.
The order of Judge Travia contains a recital, under conclusions of law,11 the seizure of said print of said film together with trailers and a lens, constituted an illegal seizure, being in viola *852 tioii of plaintiff’s rights protected by the first, fourth and fourteenth amendments to the United States Constitution ’ ’.
Judge Tbavta went on to order the return of the films and lens to the Bethview Amusement Corporation and ordered the agents of the corporation to hold the same safely in their possession subject to call by the prosecutor upon the trial in this court. He further ordered that the Bethview Amusement Corporation shall not exhibit the print of the films to the public pending the determination of the trial in this, the District Court of the County of Nassau, provided that the prosecution does not unreasonably delay the trial.
It is interesting to note that Judge Tbavta struck out from the proposed order a paragraph that would have required the prosecutor to turn over to the Bethview Amusement Corporation any and all copies of the film which may have been made while the same was in the prosecutor’s possession, together with any still photographs that may have been reproduced from the seized print.
The order was in the nature of a temporary injunction in a civil action in which the law enforcement officers are defendants. The short answer to the contention that the Federal court order is binding on this court under the doctrine of collateral estoppel is that there has been no final judgment in the Federal court action, nor any disposition or order which purports in any sense to be final.
Applying the test set forth in Lummus Co. v. Commonwealth Oil Refining Co. (297 F. 2d 80 [2d Cir. 1962], cert. den. 368 U. S. 986 sub nom. Dawson v. Lummus Co. [1962]), Judge Tbavia’s order is “ avowedly tentative ”. On its face it contemplates a prompt trial in the District Court of Nassau County where all the issues shall be resolved.
Judge Travia’s disposition is in accord with the recognized policy in both statute and decision whereby the United ¡States courts refrain from enjoining (State court prosecutions or prematurely judging questions which may arise in such prosecutions. (Tyrone Inc. v. Wilkinson, 410 F. 2d 639.)
In a recent decision, United States ex rel. Herrington v. Mancusi (N. Y. L. J., Sept. 1, 1969, p. 1, col. 7), the United States Court of Appeals, Second 'Circuit, restated the “ desirability of avoiding the premature confrontation of a sensitive constitutional issue ”.
Accordingly the question is open for determination in the District 'Court of Nassau County. The question presented does not lend itself to á yes or no answer. Fundamentally every *853 search and seizure must be reasonable. What is reasonable may depend upon the facts and necessities of the case.
There are two competing interests to be reconciled. First, there is the unquestioned right of law enforcement officers to seize and preserve material which is necessary as evidence in criminal prosecutions. ISuch seizure may necessarily be without any notice to .the possessors. The giving of notice might result in the destruction or loss of the evidence. On the other hand, it is the right of those who publish and distribute books or motion picture films to be free from prior restraints upon the publication or dissemination of their materials.
For example, it would appear to b.e unreasonable for law enforcement officers to seize, as evidence, 500,000 copies of a novel when the seizure of a single copy would suffice for the evidentiary purpose of the prosecution. ISuch an economic blow to the possessor would appear to be clearly in violation of his constitutional rights because it is both unnecessary and unreasonable.
In reconciling these opposing rights, the decisions cited upon the argument appear to proceed upon the theory that the search may be lawful and proper, but the seizure, which includes the detention, may be unreasonable. In such a case the court will do whatever is necessary to protect .the owner or possessor of the materials.
In A Quantity of Copies of Books v. Kansas (378 U. S. 205), the court invalidated a mass seizure where there was no prior adversary hearing on the question of obscenity.
In Tyrone (410 F. 2d 639, supra), the court applied the basic principle of A Quantity of Boohs to the seizure of a movie film, but directed that the theatre deliver to the prosecutor, upon request, a copy of the movie for reasonable use in the preparation and trial in the ¡State court.
In Tyrone (p. 641, n. 4), the court stated. li We express however no opinion on the film’s admissibility in evidence ”.
It seems clear that the burden of the current decisions is to give effect to the right of the prosecutor to seize, preserve and introduce the allegedly obscene materials and, at the same time, so limit the seizure that the law enforcement officers cannot, in effect, restrict the dissemination, or promotion, of the materials by means of the seizure.
In Stengel v. Smith (18 A D 2d 458), there was a proceeding pursuant to section 22-a of the 'Code of Criminal Procedure. The court struck down a mass seizure without a prior adversary hearing. The case did not involve the offer in evidence of any of the material on a criminal trial.
*854 In the hypothetical example, where 500,000 copies of the same novel are seized, the seizure and retention might he reasonable as to a single copy but unreasonable as to the balance. In such a situation there seems to be no reason why the court should suppress the introduction into evidence of the single copy which was reasonably seized and retained.
It is therefore the court’s opinion that the seizure of the films for the purpose of obtaining and preserving evidence in this case was reasonable and the motion to suppress is denied as to all defendants.