William E. Ringel, J.
Defendant corporation is charged with violation of the obscenity statute (Penal Law, § 235.05) in that it possessed and permitted public viewing of two motion picture films depicting various acts of sexual intercourse and deviate sexual acts between nude males and females.
This prosecution was instituted by the service of a complaint by a police officer on the defendant corporation without any prior judicial scrutiny or adversary proceedings. No arrests were made nor were the films seized.
Defendant moves to dismiss the complaint asserting in substance that the absence of prior judicial scrutiny (Marcus v. Search Warrant, 367 U. S. 717) or a prior adversary proceeding (Tyrone, Inc. v. Wilkinson, 410 F. 2d 639) is fatal to this prosecution.
In reaching this conclusion defendant seeks to equate the mere service of a complaint with an arrest. There is no authority for this contention, even if we assume, arguendo, that a corporation can be arrested.
A complaint is only an accusation, the truth of which must be established beyond a reasonable doubt (United States v. Molin, 244 F. Supp. 1015, 1017).
The definition of arrest and the acts constituting an arrest clearly preclude any claim that a corporation can be arrested (Henry v. United States, 361 U. S. 98). This is not to say that corporations cannot be charged with the commission of a crime. In such an instance the prosecution is instituted by the filing of a complaint and the service of a summons on the corporation. (Code Crim. Pro., §§ 675, 678; People ex rel. Edison Elec. Illuminating Co. v. Kernochan, 160 App. Div. 105, affd. 211 N. Y. 539; People v. Brody, 52 Misc 2d 852; see, also, CPL, § 600.10, eff. Sept. 1, 1971.)
*620 Prior judicial scrutiny and prior adversary proceedings have only been required where there has been a real danger of suppression of material protected by the First Amendment.
The purpose of these rules is to prevent suppression of material which may be nonobscene (A Quantity of Books v. Kansas, 378 U. S. 205; Tyrone, Inc. v. Wilkinson, supra; Bethview Amusement Corp. v. Cahn, 416 F. 2d 410) and to prevent the police from acting as the censors of the community (Marcus v. Search Warrant, supra; Bantam Books v. Sullivan, 372 U. S. 58). Accordingly, where there has been no seizure, the reason for the rule falls. (See, also, People v. Hall, 60 Misc 2d 850, 853.)
The motion to dismiss is therefore denied.